## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-98-429-6 |
| | § | |
| MELVIN DWAYNE OSBORNE, JR., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| (Civil Action No. H-05-1157) | § | |

## MEMORANDUM AND OPINION

In this motion under 28 U.S.C. § 2255, filed in April 2005, Melvin Dwayne Osborne, Jr. asserts that when he pleaded guilty in December 1999 to an indictment charging him with conspiracy to possess cocaine and cocaine base with the intent to distribute, his trial and appellate counsel provided ineffective assistance.  Osborne claims that counsel should have objected to the sentence on the ground that it was based on amounts of drugs not alleged in the indictment or stipulated in the plea, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005).  (Docket Entry Nos. 248, 252).  The government has moved to dismiss or for summary judgment, arguing that this motion is barred by limitations; the plea agreement waived his appellate and collateral challenge rights; and alternatively, that he fails to present a basis on which the relief can be granted.  Based on the pleadings; the parties' submissions; the record; and the applicable law, this court GRANTS the government's motion for

summary judgment and, by separate order, enters final judgment in this case.  The reasons are set out below.

## I.      Background

At the rearraignment, Osborne entered a plea of guilty to the count alleging conspiracy to possess cocaine and cocaine base with the intent to distribute.  Osborne agreed to waive his right to appeal or to file a collateral challenge, except under certain circumstances that he does not allege to be present: a sentence above the guideline range or above the statutory maximum.  At sentencing, Osborne received a 235-month sentence, which was within the guideline range that applied.  He was granted leave to file an out-of-time appeal.  Appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967).  The Fifth Circuit affirmed the conviction and sentence.  Osborne filed this motion on April 5, 2005.

## II.     Analysis

Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  "Section 2255 provides the primary means of collateral attack on a federal sentence.  Relief under this section is warranted for any error that occurred at or prior to sentencing."  *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th

Cir. 1990) (internal quotations and citations omitted).  A section 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief.  *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).  A claim of ineffective assistance of counsel may be raised for the first time in a 28 U.S.C. § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 509 (2003).  In *Massaro*, the Supreme Court concluded that ineffective-assistance claims should not be subject to "the usual procedural default rule," and held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* at 504.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's actions fell below an objective standard of reasonableness and petitioner suffered prejudice as a result.  *Strickland v. Washington,* 466 U.S. 668 (1984); *Martin v. Cain,* 246 F.3d 471, 477 (5th Cir. 2001).  The district court may dispose of a claim if counsel either rendered reasonably effective assistance or no prejudice can be shown.  A court evaluating a claim of ineffective assistance need not address the reasonableness component first.  If a petitioner fails to make one of the required showings, the court need not address the other.  *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993).  If

counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).  Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal.  *See Evitts,* 469 U.S. at 394; *West v. Johnson,* 92 F.3d 1385, 1396 (5th Cir. 1996).  Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner.  *See Evitts,* 469 U.S. at 394.  A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful.  *See Strickland,* 466 U.S. at 690-91.

As to the prejudice portion of the inquiry, a convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Green v. Johnson,* 160 F.3d 1029, 1043 (5th Cir. 1998) (citing *Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993)).  When a claim of ineffective assistance of counsel is premised on counsel's failure to raise an issue on appeal, "the prejudice prong first requires a showing that the appellate court would have afforded relief on appeal." *United States v. Reinhart,* 357 F.3d 521, 530 (5th Cir. 2004)(quoting *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir.2000)).

Osborne's claims center on the fact that his indictment did not allege the drug quantity and he did not stipulate to the drug quantity on which his sentence was based.  Osborne's claim, filed on April 5, 2005, is untimely.  Osborne asserts that the one-year limitations period under section 2255, which would have required him to file this motion no later than

March 20, 2003, is extended or tolled as a result of the Supreme Court's opinions in *Blakely v. Washington,* 542 U.S. 296 (2004), and, presumably, *United States v. Booker*, 126 S. Ct. 738 (2005).

In *Blakely*, the Supreme Court applied the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  On January 12, 2005, the Supreme Court extended this ruling, in *United States v. Booker*, 125 S. Ct. 738, 749 (2005), after finding "no distinction of constitutional significance between the Federal Sentencing Guidelines" and the state sentencing scheme at issue in *Blakely*.  The Supreme Court held that the mandatory character of the Sentencing Guidelines was incompatible with the Sixth Amendment right to a jury trial.  *Id.*, 125 S. Ct. at 749-50.  Although *Blakely* rests on *Apprendi*, which holds that all facts used to increase a sentence beyond the statutory maximum must be charged and proven to a jury, *Blakely* presented a new statement of "statutory maximum" for sentencing: "[T]he relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings."  *Blakely*, 124 S. Ct. at 2537 (emphasis in original).  Before *Blakely*, every federal circuit court of appeals had held that *Apprendi* did not apply to Sentencing Guideline calculations based on judicial fact findings, as long as the sentence was imposed within the statutory maximum as determined by the United States

Code.[1]  By contrast, the statutory maximum under *Blakely* "is the maximum sentence a judge

may impose *solely on the basis of facts reflected in the jury verdict or admitted by the*

*defendant.*"  124 S. Ct. at 2537 (emphasis in original).  After *Blakely* was decided, courts

divided as to whether its holding applied to the Sentencing Guidelines.  This question was

resolved when the Supreme Court held in *Booker* that the rule in *Blakely* applied to the

Sentencing Guidelines.  The Court in *Booker* extended the holding in *Apprendi* with the

following modification: "Any fact (other than a prior conviction) which is necessary to

support a sentence exceeding the maximum authorized by the facts established by a plea of

guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a

reasonable doubt."  *Id.*, 125 S. Ct. at 756.

Osborne appears to argue that the one-year limitation period was extended to begin

on January 12, 2005 by the Court's decisions in *Blakely* and *Booker*.  Section 2255(3) states

that the one-year limitations period under AEDPA begins to run at "the date on which the

right asserted was initially recognized by the Supreme Court, *if that right has been newly*

*recognized by the Supreme Court and made retroactively applicable to cases on collateral*

*review.*"  28 U.S.C. § 2255(3)(emphasis added); *see Dodd v. United States*, 125 S.Ct. 2478,

2485 (2005)(the limitations period runs from the date on which the right asserted was

---

[1]      *See, e.g., United States v. Hughes*, 369 F.3d 941, 947 (6th Cir. 2004); *United States v. Francis*, 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine*, 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez*, 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v. Phillips*, 349 F.3d 138, 143 (3rd Cir. 2003): *United States v. Patterson*, 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle*, 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb*, 255 F.3d 890, 898 (D.C. Cir. 2001); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba*, 241 F.3d 98, 100 (1st Cir. 2001); *United States v. Garcia*, 240 F.3d 180, 183-84 (2d Cir. 2001).

initially recognized by the Supreme Court).

Neither *Blakely* nor *Booker* was expressly "made retroactively applicable to cases on collateral review" by the Supreme Court.   To the contrary, every circuit court of appeals to address this question has agreed that *Booker* is not applicable to collateral challenges filed under 28 U.S.C. § 2255.  *See In re Elwood*, 408 F.3d 211 (5th Cir. 2005)(holding that the "Supreme Court has not made *Booker* retroactive to any cases on collateral review."); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude . . . that *Booker* does not apply retroactively to criminal cases that became final before its release on Jan. 12, 2005.");  *Humphress v. United States*, 398 F.3d 855, 856 (6th Cir. 2005) (rejecting an initial § 2255 motion and holding that *Booker* does not apply retroactively to cases already final on direct review);  *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) ("*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.").  A section 2255 movant cannot take refuge in the limitations period set out at paragraph 6(3) to raise a late challenge under *Blakely* or *Booker*.

Alternatively, even viewed on the merits, Osborne has failed to show that any of the substantive claims he seeks to raise under section 2255 would entitle him to the relief he seeks.  The record reveals no basis to find ineffective assistance, as Osborne asserts.  His primary claims relate to the effect of *Booker* errors, which are not applicable retroactively.  Although *Apprendi* had been decided before Osborne was sentenced, and although his counsel raised it at sentencing, his claims do not allege facts that would sustain an *Apprendi*

claim.[2]  Osborne was sentenced within the statutory maximum that applied to him and that was explained to him in detail before he pleaded guilty, waiving his right to appeal or file a collateral challenge.  *See United States v. McKinney*, 406 F.3d 744, 746-47 (5th Cir.2005)("*Blakely* and *Booke*r do not alter the plain meaning of appeal-waiver provisions in valid plea agreements").  As a result, Osborne has not shown a basis to find either deficient performance or prejudice.

A certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  A petitioner must show "that reasonable jurists could debate whether (or, for that

---

[2]  Drug trafficking crimes defined in 21 U.S.C. § 841 are governed by *Apprendi* analysis because of the tiered sentences for increasing quantities of illegal drugs. *See United States v. Cotton*, 535 U.S. 625 (2002); *United States v. Longoria,* 298 F.3d 367 (5th Cir. 2002).  Defendants charged with offenses involving an unspecified drug quantity, are subject to a maximum of twenty years' imprisonment. § 841(b)(1)(C).  Osborne received a 235-month sentence.

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). This court concludes that jurists of reason would not debate whether the movant has stated a valid claim, or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## III.  Conclusion

Osborne's section 2255 motion is denied and the corresponding civil action is dismissed with prejudice. A certificate of appealability is denied. Final judgment will issue by separate order.

SIGNED on July 20, 2005.

Lee H. Rosenthal
United States District Judge